■ In the Matter of GEORGE SHIPMAN, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent, made after a hearing which found that the petitioner had violated certain provisions of the "Rules and Regulations Governing Employees Engaged in the Operation of the New York City Transit System" and demoted him to the position of railroad clerk. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The record contains substantial evidence to sustain the charges. Each specification is supported by credible and detailed testimony. The specifications are largely undisputed and, in all instances, a reasonable man could infer from the evidence that the petitioner had violated the rules and regulations of the transit authority. After determining that the charges had been established, it was proper for the referee to consult the petitioner's disciplinary record. That record discloses a lengthy history of violations of the rules and regulations of the transit authority. In the context of all of the relevant circumstances, the demotion of the petitioner to the position of railroad clerk is not a sanction which is shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 1, 1975, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The only contention raised by this appellant is that his trial should have been severed from that of his codefendants. That contention lacks merit. In any event, codefendant St. John took the stand and exonerated this appellant. The judgment of conviction of codefendant Ford was affirmed by this court on March 7, 1977. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.